

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**

**ATTORNEY GENERAL**

Honorable Jesse James
State Treasurer
Austin, Texas

Dear Mr. James:
                    Opinion No. O-5844

                    Re:  Allocation by the Treasurer
                    of funds held in Suspense Account,
                    the source of which is unknown.

        You request our opinion as follows:

        "Some time ago it was discovered that there was a total of $2,667.32 deposited in several Texas Banks, in various accounts, belonging to the State of Texas, none of which had ever been entered on the State Treasurer's records.

        "On the assumption that the above amounts belonged to the State and should rest in the custody of the State, we drew drafts on the following banks covering the accounts and the amounts indicated:

| | | |
|---|---|---|
| "American National Bank, Austin, Texas | | |
| R. L. Daniel, Commissioner of Insurance | $10.78 | |
| Deaf & Dumb Institute | .80 | |
| Deaf, Dumb & Blind Institute | .58 | |
| James F. Ferguson, Crockett Road District | 16.25 | |
| O. M. Edwards, State Treasurer | 13.40 | |
| R. C. Roberdeau, Treasurer | | |
| State Labor Commission | 15.00 | |
| Texas Rehabilitation Commission (Adm.Fd.) | 3.22 | |
| Charley Lockhart, State Treasurer | | |
| Trust Fund | 127.68 | $187.71 |
| "Austin National Bank, Austin, Texas | | |
| S. H. Terrell, Comptroller | $ .30 | .30 |

*Capitol National Lank, Austin, Texas
Sam Sparks C. D. Special 1923          $892.37
State Land Account 1926                 1,363.03   $2,255.40

*Farmers & Merchants State Bank & Trust
Co., Rusk, Texas
Texas State Hospital, Rusk, Texas
(25 Years Old)                             $    6.00          6.00

*First National Bank, Huntsville,Texas
I. L. Dickey, Prison Account               $   15.17         15.17

*First National Bank, Waco, Texas
State Banking Board (1925)                 $  177.54        177.54

*Guaranty Bank & Trust Co., Gatesville,
Texas
Juvinile Training Free Textbook Fd.(
(1938)                                     $   25.20   $   25.20

TOTAL                                                    $2,667.32

*The above banks have paid drafts drawn on themselves, signed Jesse James, State Treasurer, for the amounts indicated and charged same against the accounts as listed.

*We are without information relative to the original source of the funds in question other than that they have been held by the banks as inactive accounts for a period ranging from seven to twenty-five years.

*The sum of $2,667.32 having been withdrawn from the banks by State Treasurer's draft is now held in The State Treasurer's Suspense account.

*We respectfully request your advice as to whether those funds can be transferred from the Treasurer's Suspense account, and if so to what State funds they should be credited.*

In our Opinion No. O-945, addressed to Honorable Tom C. King, State Auditor, of date January 15, 1940, construing the pertinent statutes, we said:

Honorable Jesse James page 3

"The reading of the above quoted Article
clearly indicates that the procedure for final
payment into the State Treasury is by the is-
suance of a deposit warrant. Such deposit
warrant is issued to the particular fund to
which the money goes. It is true, then, that
until the fund to which the money should go is
determined the deposit warrant to that fund
cannot be issued for such money. For this
reason, it is our opinion that in a case where
money is paid to one of the departments of the
State, and there is a question as to which par-
ticular fund said money should go, the same may
properly be paid into the Suspense Fund because
said money cannot be placed into the proper
fund until a deposit warrant for such money is
drawn. Only then is the money paid into the
Treasury. While the particular destination of
the fund is in question, even though there is
no question as to the State's right to the
money, we feel that the money comes within the
category of 'money which is awaiting the time
when it can finally be taken into the Treasury'
as set out in Article 4388. You are, therefore
advised that in cases where there is an actual
doubt as to the particular fund to which a
money should go said money may properly be
placed in the Suspense Fund by the head of a
department."

In view of the rule there announced, it is the
opinion of this Department the items mentioned by you
whose source and status as State property are unknown,
must remain in the Suspense Account until in some way the
proper status and disposition thereof are ordered by a
court of competent jurisdiction, or by legislative act.

The court method could be by an escheat proceed-
ing, under Title 53 of the Revised Civil Statutes.

Under the facts stated by you, we deem it to be
within the realm of your duty to call the matter to the at-
tention of the District or County Attorney of this county,
under Article 3273 of the Revised Civil Statutes of the
above title, to the end that he may institute the proper

Honorable Jesse James - page 4

proceeding to have the funds escheated to the State of
Texas, in which proceeding the proper disposition of
the moneys may be made.

FEB 8, 1944

~~Grover Sellers~~

~~ATTORNEY GENERAL OF TEXAS~~  By

Very truly yours

ATTORNEY GENERAL OF TEXAS

Ocie Speer
Assistant

OS-MR


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN